UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MICHELLE MILBURN,
                    Plaintiff,         :

                                          :

V.                                    :                C.A. No. _____

                                          :

                                          :

WOOONSOCKET HOUSING AUTHORITY;    :
And
PATRICK MORGANELLI, in his              :
official capacity as Executive Director of    :
the Woonsocket Housing Authority        :
                        Defendants.    :

## VERIFIED COMPLAINT

## INTRODUCTION

1.  In this action, the Plaintiff seeks declaratory relief, injunctive relief, and damages for the Defendants' unlawful decision to terminate the Plaintiff's Section 8 Housing Choice Voucher (hereinafter "Voucher"). First, the Defendants' termination of the Plaintiff's Voucher without providing her with a pre-termination hearing violated both the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution and regulations promulgated by the U.S. Department of Housing and Urban Development (hereinafter "HUD"). Second, the Defendants' termination of the Plaintiff's Voucher violated HUD regulations which require a Public Housing Authority (hereinafter "PHA"), such as the Woonsocket Housing Authority (hereinafter "WHA"), to consider a variety of factors before deciding to terminate a participant's Voucher, which the Defendants failed to do. Finally, the Defendants' termination of the Plaintiff's Voucher violated various

1

prohibitions against discrimination on the basis of handicap under the U.S. Fair Housing Act.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action and all Defendants pursuant to 28 U.S.C. § 1331, because this case arises under the Constitution and laws of the United States.

3. This Court also has jurisdiction over this action and all Defendants pursuant to 28 U.S.C. § 1343(a)(3), because the Plaintiff seeks to redress the deprivation of her Voucher, under the color of State law, which, deprived the Plaintiff of her equal rights under the law as a disabled individual.

4. The principal events giving rise to the claims stated herein occurred in this district and venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(c)(1), (2).

5. This Court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. Rule 57.

## PARTIES

6. Plaintiff is a resident of the state of Rhode Island who resides in Woonsocket with her disabled husband and three minor children.

7. Defendant WHA is a PHA, created pursuant to R.I.G.L. § 45-25-1 *et seq.* for the purpose, *inter alia*, of providing safe and sanitary affordable housing opportunities for lower income families. At all material times WHA was acting under color of State law.

8. Defendant Patrick Morganelli (hereinafter "Morganelli"), is the Executive Director of WHA. At all materials times Morganelli was acting under color of State law.

## FACTS

9. The Defendants administer the Section 8 Housing Choice Voucher Program (hereinafter, "HCVP"), in the city of Woonsocket, Rhode Island. Under the HCVP, a tenant is issued a voucher that can be used at apartments where the rent charged is equal to or less than a payment standard established by HUD. The tenant pays 30% of their adjusted household income for rent (including utilities), and with funds from HUD the PHA pays a rental subsidy to the tenant's landlord equal to the difference between the established payment standard and the tenant's share of the rent.

10. HUD requires each PHA to adopt a written administrative plan, and the PHA must administer their HCVP in accordance with the PHA's administrative plan. 24 C.F.R. § 982.54.

11. In administering the HCVP the Defendants must comply with, *inter alia*:

    a. The United States Constitution;

    b. 42 U.S.C. § 1437f, and regulations promulgated thereto;

    c. 42 U.S.C. § 3601 *et seq.,* and regulations promulgated thereto;

    d. handbooks, instructions, and directives issued by HUD; and

    e. the WHA's own administrative plan for its HCVP.

12. The Plaintiff is a low-income individual that qualifies for the HCVP.

13. The Plaintiff has a "handicap" as defined by the Fair Housing Act, 42 U.S.C. § 3602(h).

14. The Plaintiff's husband, who is an approved member of the Plaintiff's household, also has a "handicap" as defined by the Fair Housing Act, 42 U.S.C. § 3602(h).

15. According to the WHA's Section 8 Administrative Plan (hereinafter "Administrative Plan"), under the section entitled Terminology, the term "Disability" is used where

3

"handicap" was formerly used. *WHA Section 8 Administrative Plan*, § 26-8(E), a true and accurate copy of which is attached hereto as Exhibit 1.

16. The Plaintiff and her family have been participants in the HCVP since 2001, and the Defendants have administered the Plaintiff's Voucher since June 2014, when the Plaintiff moved from Massachusetts to Woonsocket, Rhode Island.

17. Since 2001 and until the Defendants terminated the Plaintiff's Voucher effective May 1, 2015, the Plaintiff paid her share of the rent to her landlords.

18. Prior to May 1, 2015, the Plaintiff's share of the monthly rent was $236.00.

19. By letter dated March 27, 2015, the Defendants notified the Plaintiff that the Defendants made a preliminary determination that the Plaintiff was no longer eligible to receive her Voucher benefits and that her Voucher would be terminated on May 1, 2015, unless she requested an informal review of said determination within ten (10) days. As reason for said termination, the Defendants alleged that the Plaintiff failed to report her wages to the Defendants. A true and accurate copy of the March 27, 2015 letter is attached hereto as Exhibit 2.

20. In the March 27, 2015 letter, the Defendants alleged that the Plaintiff owed the Defendants $2878.00 due to the alleged unreported income. Exhibit 2.

21. The March 27, 2015 letter also advised the Plaintiff that it is the Defendants' policy not to enter into a repayment arrangement for amounts owed that exceed $2500.00. Exhibit 2.

22. On or about April 6, 2015, the Plaintiff spoke, via telephone, with her Voucher Caseworker, Stephanie Ferri (hereinafter "Ferri"), about requesting an informal review, and Ferri advised the Plaintiff that she needed to submit a written request for an informal review to dispute the termination of her Voucher.

23. The Plaintiff timely requested an informal review of the Defendants' preliminary determination of the Plaintiff's ineligibility for Voucher benefits by submitting a letter to the Defendants on April 6, 2015. A true and accurate copy of Plaintiff's April 6, 2015 letter requesting an informal review is attached hereto as Exhibit 3.

24. On or about April 8, 2015, the Plaintiff, via telephone, spoke with Claudia Archila (hereinafter "Archila"), the Defendants' Section 8 Coordinator, regarding her request for an informal review.

25. During the conversation, Archila advised the Plaintiff that the evidence in the WHA's possession required the WHA to terminate the Plaintiff's Voucher. Further, Archilla advised the Plaintiff that unless she could provide additional documentation, the Defendants would not provide the Plaintiff with an informal review of the Defendants' decision to terminate the Plaintiff's Voucher.

26. The Plaintiff advised Archila that she could provide additional documentation from her employer, which would show that the Plaintiff did not work for a period of time in 2014.

27. On or about April 13, 2014, the Plaintiff's employer provided the Plaintiff with a letter stating that the Plaintiff did not work between May 29, 2014, and June 30, 2014, and the Plaintiff submitted the letter to the Defendants on April 15, 2014. A true and accurate copy of said letter is attached hereto as Exhibit 4.

28. On or about April 17, 2015, the Plaintiff, via telephone, spoke with Archila regarding the Plaintiff's request for an informal review and the letter that the Plaintiff submitted from her employer. During the conversation, Archila advised the Plaintiff that despite the letter from the Plaintiff's employer, that the Defendants would not provide the Plaintiff with an informal review of the Defendants' decision to terminate the Plaintiff's Voucher.

29. During the conversation, Archila advised the Plaintiff that if the she paid the amount that the Defendants alleged the Plaintiff owed in full within thirty (30) days, the Defendants would not terminate the Plaintiff's Voucher. The Plaintiff could not afford to pay the WHA $2878.00 within thirty (30) days, and, therefore, the Plaintiff did not make the payment demanded by Archilla.

30. The WHA's Administrative Plan, under the section entitled Informal Hearing Procedures, sets forth that "[t]he WHA must provide participants with the opportunity for an informal hearing for decisions related to any of the following WHA determinations: . . . [d]etermination to terminate assistance for any reason." *WHA Section 8 Administrative Plan*, § 26-177(C)(4), a true and accurate copy of which is attached hereto as Exhibit 5.

31. The WHA's Administrative Plan, under the section entitled Mitigating Circumstances for Applicants/Participants with Disabilities, sets forth that when a Voucher holder is disabled, and the WHA intends to terminate the Voucher subsidy, the WHA will consider mitigating circumstances during the informal hearing. *WHA Section 8 Administrative Plan*, § 26-179, a true and accurate copy of which is attached hereto as Exhibit 6.

32. The WHA's Administrative Plan, under the section entitled Option not to Terminate for Misrepresentation, provides that the WHA may continue a participant's Voucher assistance if the family has misrepresented any facts that causes the WHA to overpay assistance so long as the family enters into a repayment agreement and makes payments in accordance with the agreement. *WHA Section 8 Administrative Plan*, § 26-157, a true and accurate copy of which is attached hereto as Exhibit 7.

33. The WHA's Administrative Plan, under the section entitled Guidelines for Payment Agreements, does not state that persons determined to owe more than $2500.00 as a

result of not reporting income are ineligible for a repayment agreement. *WHA Section 8 Administrative Plan*, § 26-170, a true and accurate copy of which is attached hereto as Exhibit 8.

34. The WHA's Administrative Plan, under the section entitled Payment Agreements for Families, does allow the WHA to refuse to enter into a repayment agreement "[i]f the WHA determines that the debt amount is larger than can be paid back by the family in a reasonable amount of time." *WHA Section 8 Administrative Plan*, § 26-66(C)(2), a true and accurate copy of which is attached hereto as Exhibit 9.

35. As of May 1, 2015, the Defendants stopped making rental subsidy payments to the Plaintiff's landlord, Jardine Investments, LLC (hereinafter "Jardine").

36. On or about May 1, 2015, the Plaintiff tendered the full market rent of $936.00 to Jardine. A true and accurate copy of Plaintiff's May 2015 rent receipt is attached hereto as Exhibit 10.

37. On or about May 28, 2015, the Plaintiff, via telephone, contacted Ferri, and Ferri verified that the Defendants terminated her Voucher and that the Plaintiff would not be provided with an informal review to dispute the termination of her Voucher.

38. On or about June 3, 2015, the Plaintiff tendered the full market rent of $936.00 to Jardine. A true and accurate copy of Plaintiff's June 2015 rent receipt is attached hereto as Exhibit 11.

39. On or about July 2, 2015, the Plaintiff tendered the full market rent of $936.00 to Jardine. A true and accurate copy of Plaintiff's July 2015 rent receipt is attached hereto as Exhibit 12.

40. The Plaintiff has borrowed $900.00 from her sister and $85.00 from her father in order to make her monthly rent payments subsequent to the termination of her Voucher by the Defendants.

41. The Plaintiff's currently monthly income consists, of approximately $857.67 per month, on average, in net employment income, and her husband's SSI benefit of $902.00 per month, after an overpayment deduction of $106.00, totaling $1759.67.

42. The contract rent for the Plaintiff's apartment is $936.00 per month, an amount that exceeds her ability to pay without the Voucher rental subsidy.

43. The Plaintiff's income is insufficient to pay for habitable housing to accommodate the basic needs of herself, her husband, and their three minor children without the rental subsidy provided through her Voucher.

44. The Plaintiff has been irreparably harmed by the Defendants' termination of her Voucher, in that the Plaintiff and her family face imminent homelessness as she cannot continue to afford to pay the full contract rent for her family's apartment.

## COUNT ONE: VIOLATION OF THE PLAINTIFF'S DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION

45. The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-44 above.

46. The Plaintiff has a constitutionally protected property interest in her Voucher and the continued receipt of Voucher assistance, which may not be terminated except upon procedures comporting with the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

47. The Defendants violated the Plaintiff's Due Process rights secured by the Fourteenth Amendment of the Constitution of the United States by failing to provide the Plaintiff:

8

a.  an evidentiary hearing before the termination of her Voucher;

b.  the opportunity to confront and cross-examine persons who supplied information upon which the Defendants' action is grounded;

c.  the opportunity to present arguments and evidence to dispute the allegations of the Defendants prior to the termination of her Voucher;

d.  the right to be represented by counsel during an informal hearing prior to the termination of her Voucher;

e.  the opportunity to have a neutral informal hearing officer make a determination based on the evidence adduced at an informal hearing prior to the termination of the Plaintiff's Voucher; and

48. The Defendants' violation of the Plaintiff's Due Process rights under the Fourteenth Amendment to the United States Constitution deprived the Plaintiff of rights secured by the laws of the United States under color of State law, which is actionable pursuant to 42 U.S.C. § 1983.

## COUNT TWO: THE DEFENDANTS' FAILURE TO PROVIDE THE PLAINTIFF WITH A PRETERMINATION HEARING VIOLATES HUD REGULATIONS

49. The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-48 above.

50. The Defendants may not terminate the Plaintiff's Voucher without complying with the procedures required by HUD regulations codified at 24 C.F.R. § 982.555, and the procedures set forth in the Defendants Administrative Plan. See 24 C.F.R. § 982.54(c).

51. In terminating the Plaintiff's Voucher, the Defendants violated 24 C.F.R. §§ 982.54 and 982.555(a), (e)(3, 5, 6) by failing to accord the Plaintiff the following procedural rights set forth therein:

    a.   the opportunity for an informal hearing prior to terminating the Plaintiff's Voucher for the alleged violations or the Plaintiff's alleged actions or failure to act;

    b.   the opportunity for the Plaintiff to be represented by counsel during an informal hearing prior to the termination of the Plaintiff's Voucher;

    c.   the opportunity to present evidence and question witnesses; and

    d.   the right to have a hearing officer, that is a person other than a person who made or approved the decision under review or a subordinate of this person, preside over the informal hearing.

52. The Defendants may not terminate the Plaintiff's Voucher without complying with the procedures required by the Defendants' Administrative Plan. See 24 C.F.R. § 982.54(a)

53. In terminating the Plaintiff's Voucher, the Defendants violated the provisions of the Defendants' Section 8 Administrative Plan § 26-177(G)(3)(a, d, e, f,), (6), and (10) by failing to accord the Plaintiff the following procedural rights set forth therein:

    a.   the opportunity for an informal hearing prior to terminating the Plaintiff's Voucher for the alleged violations or the Plaintiff's alleged actions or failure to act;

    b.   the opportunity to present evidence and question the Defendants' staff;

    c.   the opportunity for the Plaintiff to be represented by counsel during an informal hearing prior to the termination of the Plaintiff's Voucher;

    d.   the right to have a hearing officer, that is a person other than a person who made or approved the decision under review or a subordinate of this person, preside over the informal hearing; and

10

    e.   the right to have the hearing officer determine, by a preponderance of the evidence, if the Defendants' decision is legal and in accordance with HUD regulations.

54. In terminating the Plaintiff's Voucher without complying with 24 C.F.R. §§ 982.54 and 982.555, the Defendants deprived the Plaintiff of rights secured by the laws of the United States under color of State law, which is actionable pursuant to 42 U.S.C. § 1983.

## COUNT THREE: THE DEFENDANTS' TERMINATION OF THE PLAINTIFF'S VOUCHER VIOLATES HUD REGULATIONS

55. The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-54 above.

56. The Defendants may not terminate the Plaintiff's Voucher without complying with the substantive rules for termination of said benefits required by HUD regulations codified at 24 C.F.R. § 982.552 and the Defendants' Section 8 Administrative Plan. See 24 C.F.R. § 982.54(c).

57. In terminating the Plaintiff's Voucher, the Defendants violated 24 C.F.R. § 982.552(c)(2) by failing to accord the Plaintiff the following substantive rights set forth therein:

    a.   consideration of all relevant circumstances regarding the termination of the Plaintiff's Voucher including:

        i.   the seriousness of the case—namely that: A.) Defendants do not allege that the Plaintiff committed fraud; and B.) the Plaintiff has the financial ability to repay monies that she may owe;

       ii.   mitigating circumstances related to the disability of a family member; and

      iii.  the effects of denial or termination of assistance on other family members, particularly the Plaintiff's disabled husband and her three minor children, who were not involved in the Plaintiff's alleged action or failure to act.

    b.  the opportunity to request a reasonable accommodation based upon the disability of the Plaintiff and her husband to allow Plaintiff to make payments through a repayment agreement;

    c.  compliance with the nondiscrimination provisions of 24 C.F.R. § 5.105 and 24 C.F.R. part 5.

58. The Defendants may not terminate the Plaintiff's Voucher without complying with the substantive rules for termination of said benefits by the Defendants' Administrative Plan. See 24 C.F.R. § 982.54(c).

59. In terminating the Plaintiff's Voucher, the Defendants violated the provisions of the Defendants' Section 8 Administrative Plan §§ 26-157, 26-168(c), and 26-179 by failing to accord the Plaintiff the following substantive rights set forth therein:

    a.  the opportunity to enter into a repayment agreement that allows the Plaintiff to retain her Voucher;

    b.  the opportunity to enter into a repayment agreement where the monthly payment is determined based on the Plaintiff's income;

    c.  the opportunity to present mitigating circumstances related to the Plaintiff's disability during the informal review;

60. In terminating the Plaintiff's Voucher without complying with 24 C.F.R. §§ 982.54 and 982.552, the Defendants deprived the Plaintiff of rights secured by the laws of the United States under color of State law, which is actionable pursuant to 42 U.S.C. § 1983.

## COUNT FOUR: VIOLATION OF THE FAIR HOUSING ACT

61. The Plaintiff re-alleges and incorporates by reference herein paragraphs 1-60 above.

62. In terminating the Plaintiff's Voucher, the Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(2) by discriminating in the terms, conditions and privileges of the rental of the Plaintiff's dwelling on the basis of handicap.

63. In terminating the Plaintiff's Voucher, the Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), by refusing to accord the Plaintiff a reasonable accommodation to the rules, policies, practices, or services when such accommodation was necessary to afford the Plaintiff and her disabled husband the opportunity to continue to use and enjoy the family's dwelling.

64. The Defendants' violations of the Fair Housing Act are actionable pursuant to 42 U.S.C. § 3613.

WHEREFORE, the Plaintiff asks this Honorable Court to:

1. Declare that the Defendants' termination of the Plaintiff's Voucher without providing her an informal hearing violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution and 24 C.F.R. §§ 982.54 and 982.555;

2. Declare that the Defendants' termination of the Plaintiff's Voucher violated 24 C.F.R. §§ 982.54 and 982.552 and 42 U.S.C. § 3604(f);

3. Issue preliminary and permanent injunctive relief enjoining the Defendants to:

      a.) reinstate, forthwith, the Plaintiff's Voucher;

      b.) resume making rental subsidy payments to the Plaintiff's landlord, and pay the Plaintiff's landlord any subsidy payments withheld subsequent to the termination of the Plaintiff's Voucher; and

      c.) reimburse Plaintiff for the sums she expended to pay the full contract rent for the months subsequent to Defendants' termination of Plaintiff's Voucher;

4. Award the Plaintiff damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 3613;

5. Award the Plaintiff her attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 3613; and

6. Grant such other and further relief to the Plaintiff as may be just and equitable under the circumstances.

Michelle Milburn
By her Attorneys,


/s/ Eric Bither
Eric Bither (#8910)
Rhode Island Legal Services, Inc.
56 Pine Street, Fourth Floor
Providence, RI 02903
(401) 274-2652 Ext. #141
(401) 453-0310 (Fax)
ebither@rils.org


/s/ Steven Fischbach
Steven Fischbach, #3259
Rhode Island Legal Services, Inc.
56 Pine Street, Fourth Floor
Providence, RI 02903
(401) 274-2652 Ext. 182
(401) 453-0310 (Fax)
sfischbach@rils.org

## VERIFICATION OF COMPLAINT

I, Michelle Milburn, state the facts set forth in the foregoing Verified Complaint are true and accurate to the best of my knowledge and that I am signing this document knowingly and voluntarily.

_Michelle Milburn_
Michelle Milburn

_7/21/15_
Date

On this _21_ day of _July_, 20 _15_, before me personally appeared Melissa Ann Milburn, proved through satisfactory evidence of identification which was _Bank Card_, and after she was duly sworn she declared and acknowledged to me that the facts set forth in the within Verified Complaint were true to the best of her knowledge and that she signed the above Verification of Complaint knowingly and voluntarily.

_Stu J Bagian_
Notary Public
My Commission Expires: 2-6-17
Notary I.D. # 32085